UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVE DAVEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01477-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.　Screening Requirement and Standard**

Plaintiff Vance Jackson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 22, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the Correctional Training Facility in Soledad, California. The events in the complaint are alleged to have occurred at Corcoran State Prison. Plaintiff names the following defendants: (1) Dave Davey, Warden; (2) Marshall Fechner, Correctional Plant Manager II; and (3) K. J. Allen, Appeals Examiner, Office of Appeals.

Plaintiff alleges that Defendant Fechner submitted false testimony regarding ceiling pipes, ductwork clean up and air ventilation being completed during an interview with the Appeal Examiner on January 16, 2014, which resulted in Plaintiff's grievance being denied. Plaintiff contends that Defendant Davey acted with deliberate indifference to prison conditions that exposed Plaintiff to a dorm contaminated with hazardous material, which occurred on September 27, 2014, when Plaintiff was housed at Corcoran State Prison MSF. Plaintiff alleges that the dorm condition could be seen throughout the dorm. For over 20 months, Plaintiff was forced to sleep in an environment and inhale material that deteriorated his health to the point of requiring a physician to issue steroids. Plaintiff

1  attempted to submit numerous requests for interview forms to the Plant Operations Supervisor and
2  health care service forms to medical regarding inappropriate living conditions and air ventilation
3  issues to no avail.
4       On June 6, 2013, Plaintiff filed a grievance that was granted in part at the first level on August
5  19, 2013.  On September 4, 2013, an on-site inspection was performed by CDCR officials, which
6  confirmed existence of debris, dust and dirt piled up throughout the dorm.  It was recommended that a
7  cleaning protocol be implemented, but no test samples were taken.
8       On October 4, 2013, the Chief Deputy Warden partially granted Plaintiff's appeal at the second
9  level and ordered clean-up of the dorm to begin on November 5, 2013.  Shortly after, a Plant
10 Operations Employee arrived and attempted to perform a clean-up of the dorm without success.  The
11 clean-up was discontinued by the Second Watch Facility Sergeant based on particles becoming
12 airborne and affecting the remaining occupants, including Plaintiff who had not been evacuated by
13 custody personnel.  The Plant Operations Employee left and did not return to perform any additional
14 clean-up.
15      Plaintiff resubmitted a grievance to the third level.  The grievance was denied by Appeal
16 Examiner K. J. Allen based on perjury committed by the Correctional Plant Manager II Marshal
17 Fechner on January 16, 2014, regarding completion of the clean-up detail.  Plaintiff alleges that the
18 Appeals Examiner failed to conduct a thorough investigation, such as an on-site inspection, which
19 would have revealed that the work detail was never completed.  Plaintiff claims he was denied the
20 right to a fair hearing by prison officials.
21      Plaintiff seeks injunctive relief, along with compensatory and punitive damages.
22 **III.  Discussion**
23      **A.  Eighth Amendment - Deliberate Indifference**
24      The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners
25 from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.
26 2006).  Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter,
27 food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731
28 (9th Cir. 2000) (citations omitted)

3

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation that amounts to a denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id. A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Here, Plaintiff alleges that Defendant Davey acted with deliberate indifference to prison conditions that exposed Plaintiff to a dorm contaminated with hazardous material. However, Plaintiff's conclusory allegation does not demonstrate that Defendant Davey had actual knowledge of the conditions in Plaintiff's dorm. As such, Plaintiff fails to demonstrate that Defendant Davey knew of and disregarded an excessive risk of serious harm to Plaintiff.

Additionally, Plaintiff does not include any allegations sufficient to demonstrate that the remaining defendants, Fechner and Allen, were deliberately indifferent to a serious risk of harm to Plaintiff. At best, Plaintiff alleges that Defendant Fechner falsely stated that the clean-up was completed. Plaintiff's conclusory allegation does not demonstrate that Defendant Fechner knew that the clean-up had not been completed. Plaintiff also alleges that Defendant Allen was responsible for reviewing Plaintiff's appeal. As discussed more fully below, Defendant Allen's review of Plaintiff's grievance alone is not sufficient to support a cognizable section 1983 claim.

Plaintiff will be given leave to cure these deficiencies.

### B. Grievance Process

Insofar as Plaintiff seeks to impose liability on Defendant Allen based on a review of his grievance, he may not do so. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams,

855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### C.  Injunctive Relief

To the extent Plaintiff seeks injunctive relief regarding his conditions of confinement at Corcoran State Prison, this request is moot.  Plaintiff has been transferred to the Correctional Training Facility in Soledad, California. A request for injunctive relief becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir. 1991) (per curiam). There is no indication that Plaintiff expects to be transferred back to Corcoran State Prison. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1996).

### IV.  Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **March 4, 2015**              /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE

6